UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

ANTONIO AYALA,

                              Plaintiff,

                    -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE OFFICER MICHAEL T. MCINTYREN, in his individual and official capacities, NASSAU COUNTY POLICE SGT. JOHNSON, in his individual and official capacities, NASSAU COUNTY POLICE OFFICER TEDESCHI, in his individual and official capacities, and NASSAU COUNTY POLICE OFFICER JOHN/JANE DOES #1-10 (fictitiously named), in their individual and official capacities,

                              Defendants.

------------------------------------------------------------------------ X

**DOCKET NO.:**

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

       Plaintiff ANTONIO AYALA, by his attorneys, HORN WRIGHT, LLP, complaining of Defendants, COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE OFFICER MICHAEL T. MCINTYREN, in his individual and official capacities, NASSAU COUNTY POLICE SGT. JOHNSON, in his individual and official capacities, NASSAU COUNTY POLICE OFFICER TEDESCHI, in his individual and official capacities, and NASSAU COUNTY POLICE OFFICER JOHN/JANE DOES #1-10 (fictitiously named), in their individual and official capacities, alleges as follows:

**PRELIMINARY STATEMENT**

      1.     This is a civil rights action in which Plaintiff ANTONIO AYALA seeks relief from Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE OFFICER MICHAEL T. MCINTYREN, in his individual and official capacities, NASSAU COUNTY POLICE SGT. JOHNSON, in his individual and official capacities, NASSAU COUNTY POLICE OFFICER TEDESCHI, in his individual and official capacities, and NASSAU COUNTY POLICE OFFICER JOHN/JANE DOES #1-10 (fictitiously

named), in their individual and official capacities, (hereinafter, collectively referred to as "Defendants"), for committing acts under color of law and depriving Plaintiff of rights secured under 42 USC § 1983 grounded in rights secured to him under the Fourth and Fourteenth Amendments to the Constitution of the United States.

2. Plaintiff alleges that Defendants, NASSAU COUNTY POLICE OFFICER MICHAEL T. MCINTYREN, NASSAU COUNTY POLICE SGT. JOHNSON, NASSAU COUNTY POLICE OFFICER TEDESCHI, and NASSAU COUNTY POLICE OFFICER JOHN/JANE DOES #1-10 (fictitiously named) (hereinafter, collectively referred to as "Individual Defendants"), used excessive force and unlawfully searched Plaintiff. All acts were committed under the color of law and deprived Plaintiff of rights secured to him under the Fourth and Fourteenth Amendments of the Constitution of the United States.

3. Individual Defendants, without justification or any reason except an intent to deprive Plaintiff of his rights and knowledge that their conduct had the tacit authorization of Defendants COUNTY OF NASSAU ("COUNTY") and NASSAU COUNTY POLICE DEPARTMENT ("NCPD"), assaulted and battered Plaintiff and unlawfully searched Plaintiff. Said unlawful acts upon Plaintiff deprived him of his civil and Constitutional rights.

4. Plaintiff seeks damages, both compensatory and punitive, award of costs, interest, attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

5. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331 and 1343(3) and (4) of the aforementioned Constitutional provisions.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the County of Nassau, State of New York; the actual place of employment of the Individual Defendants is within the Eastern District of New York; and the County of Nassau, State of New York is within the jurisdiction of the Eastern District of New York. The events surrounding this lawsuit occurred in the County of Nassau, State of New York, in the Eastern District of New York. Additionally, Plaintiff resides within the Eastern District of New York.

## THE PARTIES

7. Plaintiff ANTONIO AYALA ("AYALA" and/or "Plaintiff") is a resident of the United States who lives within the Eastern District of New York.

8. Upon information and belief, at all relevant times described herein, Defendant COUNTY was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

9. Upon information and belief, at all relevant times described herein, Defendant COUNTY, by its agents and/or employees, operated, maintained, and controlled the NASSAU COUNTY POLICE DEPARTMENT, including all supervising officers and police officers thereof.

10. Upon information and belief, at all relevant times described herein, Defendant NCPD is a subdivision and/or agency of Defendant COUNTY and has an office at 1490 Franklin Avenue, Mineola, New York 11501.

11. Upon information and belief, at all relevant times described herein, Defendant NASSAU COUNTY POLICE OFFICER MICHAEL T. MCINTYREN ("MCINTYREN") is a police officer who is being sued in his individual and official capacities and is an employee of Defendants COUNTY and NCPD. At all relevant times described herein, MCINTYREN was acting under color of state law within the scope of his employment as a police officer employed

3

by Defendants COUNTY and NCPD, and works under the supervision, direction, and/or control of his supervisors in the NCPD.

12. NASSAU COUNTY POLICE SGT. JOHNSON ("JOHNSON") is a sergeant and supervisor who is being sued in his individual and official capacities and is an employee of Defendants COUNTY and NCPD. At all relevant times described herein, JOHNSON was acting under color of state law within the scope of his employment as a sergeant and supervisor employed by Defendants COUNTY and NCPD, and works under the supervision, direction, and/or control of his supervisors in the NCPD.

13. NASSAU COUNTY POLICE OFFICER TEDESCHI ("TEDESCHI") is a police officer who is being sued in his individual and official capacities and is an employee of Defendants COUNTY and NCPD. At all relevant times described herein, TEDESCHI was acting under color of state law within the scope of his employment as a police officer employed by Defendants COUNTY and NCPD, and works under the supervision, direction, and/or control of his supervisors in the NCPD.

14. Upon information and belief, at all relevant times described herein, Defendant NASSAU COUNTY POLICE OFFICER JOHN/JANE DOES #1-10 (fictitiously named) ("DOES") are individuals and employees of Defendants COUNTY and NCPD with an actual place of employment within the County of Nassau, State of New York, who are being sued in their individual and official capacities. At all relevant times described herein, DOES were acting under color of state law within the scope of their employment as Police Officers employed by Defendants COUNTY and NCPD, and work under the supervision, direction, and/or control of their supervisors in the NCPD.

**COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW**

15. Plaintiff served a Notice of Claim upon COUNTY on March 19, 2024, within ninety days of the events giving rise to his claims.

16. Defendant COUNTY has either refused and/or waived its right to conduct a hearing pursuant to NY Gen. Mun. Law § 50-h.

17. More than thirty days have elapsed since Plaintiff served his Notice of Claim and COUNTY has not offered adjustment or payment thereof.

## FACTUAL ALLEGATIONS

18. On or about December 21, 2023, Plaintiff AYALA was lawfully present at or near 358 North Broadway Mall, Hicksville, New York 1181, within the County of Nassau, State of New York.

19. Plaintiff's vehicle was parked in the parking lot at the aforementioned address.

20. Plaintiff was walking towards the mall when he heard someone yelling. Plaintiff continued to walk towards the mall.

21. MCINTYRE approached Plaintiff aggressively, demanded identification, and immediately handcuffed Plaintiff without reasonable cause or reason to believe that a violation or crime had been committed.

22. MCINTYRE, without any lawful basis, brutally assaulted and battered Plaintiff.

23. As MCINTYRE was assaulting Plaintiff, Defendants JOHNSON, TEDESCHI, and DOES arrived. Rather than stop or prevent the assault on Plaintiff, they joined in assaulting Plaintiff.

24. Defendants MCINTYRE, JOHNSON, TEDESCHI, and DOES, at all relevant times, did not attempt to intervene or protect Plaintiff from Individual Defendants' unlawful conduct and demands.

25. Defendants MCINTYRE and/or JOHNSON and/or TEDESCHI and/or DOES then threw Plaintiff against a vehicle and, without just cause or legal justification, aggressively and forcibly cuffed Plaintiff, and continued to assault Plaintiff.

26. Plaintiff did not display any weapons, and did not make any threats or move aggressively towards Individual Defendants. Plaintiff was, at all times, visible to Individual Defendants.

27. At all relevant times, Plaintiff did not display any weapons nor threaten use of a weapon nor threaten use of force. Rather, Plaintiff sought at all times to protect himself.

28. At all relevant times, Plaintiff continued to protest against Individual Defendants' unlawful and illegal conduct.

29. Individual Defendants ignored and refused to comply with Plaintiff's pleas.

30. As a result of Individual Defendants' use of unlawful force, Plaintiff was caused to suffer severe injuries and extreme severe pain and discomfort.

31. Defendants falsely claimed that AYALA resisted arrest and obstructed governmental administration.

32. On December 21, 2023, Individual Defendants unlawfully searched Plaintiff's person, assaulted Plaintiff, and unlawfully seized him and his property.

33. Upon information and belief, Plaintiff AYALA was brought to the Police Precinct for processing and then brought to Nassau County Police Headquarters.

34. Plaintiff was detained overnight until arraignment. Plaintiff was arraigned the next day and released.

35. On or about December 21, 2023, Individual Defendants charged Plaintiff AYALA with Obstructing Governmental Administration in the Second Degree, in violation of NY PL § 195.05; Resisting Arrest, in violation of NY PL § 205.30; Aggravated Unlicensed Operation in the Third Degree, in violation of NY VTL § 511-1A; Unlicensed Operator in violation of NY VTL § 5091; Uninspected Motor Vehicle in Violation of NY VTL § 306B; Failure to Surrender After Revocation in violation of NY VTL § 3187; and five charges of Rear Side Window Non-Transparent in violation of NY VTL § 375-12(a)(b)(3).

36. Defendants had no lawful basis to stop and/or detain Plaintiff.

37. Plaintiff was required to appear multiple times in court.

38. Plaintiff's charge of Aggravated Unlicensed Operation in the Third Degree, in violation of NY VTL § 511-1A was reduced to a violation. All other charges against Plaintiff AYALA were dismissed and terminated in his favor.

39. At all relevant times to the instant Complaint, Individual Defendants were acting under color of law.

40. At all relevant times to the instant Complaint, Individual Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the Constitutional rights, privileges, and immunities of Plaintiff AYALA and, while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper, and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property ensuring civil order.

41. At all relevant times to the instant Complaint, Defendants, and each of them, had the power and duty to restrain the other Defendants and prevent them from violating the law and the rights of Plaintiff AYALA, but each of the Defendants failed and refused to restrain the other Defendants and thereby became a party to unlawfully subjecting Plaintiff AYALA to harm and denial of basic rights.

42. That the injuries Plaintiff suffered were caused solely by the conduct of Individual Defendants and Plaintiff in no way contributed to or caused the injuries he suffered.

43. The conduct of Individual Defendants was the proximate cause of Plaintiff's injuries.

44. The injuries suffered by Plaintiff are permanent in nature.

**AS AND FOR A FIRST COUNT**
**42 U.S.C. § 1983 - Excessive Force**
(***Against Individual Defendants***)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

46. Plaintiff was brutalized by Individual Defendants in the absence of any need for such application of force.

47. Individual Defendants subjected Plaintiff to excessive force while acting in the scope of their employment as Police Officers. Such force was objectively unreasonable under the circumstances then existing and caused Plaintiff to suffer serious and permanent physical injuries.

48. Plaintiff has suffered significant and substantial damages as a result of all of the aforementioned conduct of Individual Defendants.

49. As a proximate result of Individual Defendants' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants and any other relief this Court may find just and proper.

**AS AND FOR A SECOND COUNT**
**42 U.S.C. § 1983 - Failure to Intervene**
(***Against All Defendants***)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

8

51. Defendants had an affirmative duty to intervene to prevent the violation of Plaintiff's Constitutional rights.

52. Defendants failed to intervene to protect Plaintiff from the egregious violation of his Constitutional rights, despite having a realistic opportunity to do so.

53. That, as a result of Defendants' conduct and failure to intervene, Plaintiff's Constitutional rights were violated.

54. Plaintiff has suffered damages as a result of Defendants' impermissible conduct.

55. As a proximate result of Defendants' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants and any other relief this Court may find just and proper.

### AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 – Abuse of Process
### (*Against All Defendants*)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

57. Defendants intentionally, recklessly, and maliciously filed and/or caused to be filed a false, inaccurate, and/or misleading criminal complaint against Plaintiff.

58. The false criminal complaint lodged by Defendants against Plaintiff was done with knowledge that the facts contained therein were false, misleading, and/or otherwise inaccurate.

59. Defendants filed said false criminal felony complaint against Plaintiff with an ulterior purpose/motive to subject Plaintiff to punishment without just cause and in order to protect Individual Defendants.

60. Defendants subjected Plaintiff to the criminal justice system without just cause or reason. Defendants abused the criminal justice system in assaulting, falsely arresting, falsely charging, and falsely prosecuting AYALA in an attempt to protect Individual Defendants and satisfy their personal goals of covering up their wrongdoing, and to further their own purposes of exercising their privilege for their own warped sense of power.

61. Defendants created false and fabricated statements which included the NCPD Incident Reports, Narratives, and Charging Instruments.

62. Moreover, Defendants invented and fabricated circumstances which were used to support the false charges in the charging instrument that was used to prosecute Plaintiff by the DA.

63. Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the legal process. The purpose behind Defendants' actions was to protect Individual Defendants and to harass, intimidate, coerce, silence, and punish Plaintiff.

64. Defendants did not initiate the arrest and prosecution of Plaintiff as a result of actual knowledge that a crime was committed. Defendants' clear intention was to protect Individual Defendants and falsely arrest and falsely prosecute Plaintiff and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

65. Defendants did nothing to stop the criminal proceedings which amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process.

66. As a direct consequence of the actions of Defendants, acting in furtherance of their duty as agents of COUNTY, Plaintiff suffered injuries, including but not limited to, stigmatization, embarrassment, loss of liberty, and the infringement of his rights guaranteed to him under the U.S. Constitution.

67. Individual Defendants, with the aid of other named Defendants, falsified evidence and committed perjury in order to cover up Individual Defendants' unlawful acts.

68. As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

69. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants, and any other relief this Court may find just and proper.

**AS AND FOR A FOURTH COUNT**
**42 U.S.C. § 1983 - *Monell***
**(*Against Defendant COUNTY*)**

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

71. Defendant COUNTY failed to adequately train its police officers and sergeants regarding the proper use of force, probable cause, and investigation to comply with Constitutional standards and has tolerated the use of excessive force, probable cause, and investigation by its police officers and sergeants despite a plethora of complaints from citizens of being subjected to Constitutional violations by police officers and sergeants.

72. Among the other conduct or failure to act by COUNTY which caused Plaintiff's injuries are the following:

(a) Failure to retrain and update training of its police officers and sergeants regarding the proper use of force, probable cause, and investigation of purported crimes under the Constitution of the United States, including police officers and sergeants who have been accused of excessive use of force, improper police procedures and tactics, and falsifying police records.

(b) In hiring and retaining incompetent police officers and sergeants who COUNTY knew or should have known possessed aggressive propensities, lack of proper temperament, and inability to comprehend or abide by Constitutional principles.

(c) In failing to establish and implement meaningful procedures for discipling or re-training police officers and sergeants who have engaged in such misconduct, including police officers and sergeants who have been the subject of misconduct claims.

(d) Failed to implement adequate disciplinary policies to deter its police officers and sergeants from the use of excessive force, improper police procedures and tactics, and falsifying police records.

73. COUNTY, by its policy making agents, servants, and employees, authorized and/or allowed the type of misconduct complained herein to continue.

74. The conduct of the Individual Defendants was consistent with longstanding customs, practices, and usages of police officers and sergeants employed by COUNTY.

75. Upon information and belief, despite knowledge of such *de facto* policies and practices, the supervising and policy making officers and officials of the Police Department of COUNTY have not taken steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers and sergeants with regard to the Constitutional and statutory limits on the exercise of their authority, and have, instead, condoned and ratified these customs, usages, and practices through their deliberate indifference to

or disregard of the effect of said policies, customs, and practices upon the Constitutional rights upon persons within their respective jurisdictions.

76. As a proximate result of COUNTY's actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, and any other relief this Court may find just and proper.

**AS AND FOR A FIFTH COUNT**
**Pendant State Claim – Assault and Battery**
**(*Against All Defendants*)**

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

78. The aforestated actions of Defendants amounted to an assault and battery of Plaintiff AYALA.

79. Plaintiff AYALA did not consent to the harmful and/or offensive touching by Defendants.

80. As a result of the aforementioned actions of Defendants, Plaintiff AYALA suffered physical and emotional injuries.

81. Defendants' actions were intentionally, recklessly, and/or negligently done to intimidate and did cause physical pain and emotional distress to Plaintiff AYALA.

82. At all times mentioned, Defendants were acting within the scope of their employment as police officers and/or sergeants.

83. At all times mentioned, all police officers, sergeants, and/or employees of COUNTY were acting within the scope of their employment.

84. At all times mentioned, the police officers, sergeants, and/or employees were employed by Defendants COUNTY and NCPD.

85. The actions of the police officers, sergeants, and employees, which were performed within their scope of employment, creates liability against Defendants COUNTY and NCPD, under New York State Law.

86. Consequently, Defendants COUNTY and NCPD are liable under *respondeat superior* for the actions of their employees.

87. As a proximate result of Defendants' intentional and malicious actions, Plaintiff AYALA was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus costs, punitive damages as to the Individual Defendants, and any other relief this Court may find just and proper.

**AS AND FOR A SIXTH COUNT**
**Pendant State Claim - Negligence**
(***Against All Defendants***)

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

89. Defendants had a duty to prevent and cease the unlawful assault and battery, search and seizure, and wrongful detainment upon Plaintiff as well as a duty to hire, to train, to investigate, supervise, and discipline the Individual Defendants and prevent other wrongful acts that were committed against Plaintiff.

90. In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiffs, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and Constitutional rights of Plaintiff against assault and battery, illegal search and seizure, detained custody, and other due process violations. Said rights are guaranteed to Plaintiffs by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments of the Constitution.

91. The breach of duty by Defendants was a direct and proximate cause of the harm suffered by Plaintiff. Said harm includes physical harm, pain and suffering which continues to this day, monetary expenses, personal humiliation, damage to reputation and loss of standing in the community, and severe physical, emotional, and psychological damage.

92. That, by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus costs and any other relief this Court may find just and proper.

**AS AND FOR A SEVENTH COUNT**
**Pendant State Claim – Negligent Hiring, Improper Supervision, and Improper Retention**
**(*Against Defendants COUNTY and NCPD*)**

93. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

94. Upon information and belief, it was the custom, policy, and practice of Defendants COUNTY and NCPD to hire certain police officers, sergeants, and supervisors, including Individual Defendants, without conducting the appropriate background check, investigation, and psychological evaluations.

95. Upon information and belief, it was the custom, policy, and practice of Defendants COUNTY and NCPD to conduct inadequate investigations of police officers, sergeants, and supervisor candidates as was done with the Individual Defendants.

15

96. Upon information and belief, it was the custom, policy, and practice of Defendants COUNTY and NCPD to inadequately supervise the actions and conduct of police officers, sergeants, and supervisors, including Individual Defendants.

97. Upon information and belief, it was the custom, policy, and practice of Defendants COUNTY and NCPD to continue to employ police officers, sergeants, and supervisors, including Individual Defendants, after it is known that such police officers, sergeants, and supervisors consistently violate the Constitutional rights of persons such as Plaintiff.

98. These customs, policies, and practices were the moving force, proximate cause, or affirmative link behind the conduct causing Plaintiff's injuries.

99. Defendants COUNTY and NCPD are therefore liable for violations of Plaintiff's Constitutional rights, as caused by Defendants, as described in more detail in the foregoing paragraphs, and Plaintiff has suffered damages therefrom.

100. As a proximate result of Defendants' customs, policies and practices for negligent hiring, improper supervision, and improper retention of police officers, sergeants, and supervisors, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well costs and any other relief this Court may find just and proper.

### AS AND FOR AN EIGHTH COUNT
**Pendant State Claim – *Respondeat Superior***
**(*Against Defendants COUNTY and NCPD*)**

101. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

102. By virtue of Individual Defendants' employment with Defendants COUNTY and NCPD and their actions within their scope of their employment, Defendants are liable for

Individual Defendants' actions under a theory of *respondeant superior*.

103.  As a result of the above-described conduct, Plaintiff was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well as costs and any other relief this Court may find just and proper.

## JURY DEMAND

104.  Plaintiff demands a Trial by Jury of all causes of action so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ANTONIO AYALA respectfully requests judgment against Defendants as follows:

A.  Under the First Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus costs, attorney's fees pursuant to Title 42 § 1988, and punitive damages as to the Individual Defendants;

B.  Under the Second Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus costs, attorney's fees pursuant to Title 42 § 1988, and punitive damages as to the Individual Defendants;

C.  Under the Third Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus costs, attorney's fees pursuant to Title 42 § 1988, and punitive damages as to the Individual Defendants;

D.  Under the Fourth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988;

E. Under the Fifth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus costs and punitive damages as to the Individual Defendants;

F. Under the Sixth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus costs;

G. Under the Seventh Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus costs;

H. Under the Eighth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus costs; and

N. Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
September 23, 2024

                                  Respectfully submitted,
                                  **HORN WRIGHT, LLP**
                                  *Attorneys for Plaintiff, Antonio Ayala*

By:    /s/*Pablo A. Fernandez*
           Pablo A. Fernandez
           400 Garden City Plaza, Suite 500
           Garden City, New York 11530
           Tel: 516.355.9696
           paf@hornwright.com